Dear Ms. Hackwood:
This opinion is in response to your question asking whether a person who served in the General Assembly for two (2) biennial assemblies and who was a regular state employee for seven (7) years before terminating on or after July 1, 1981, is a fully vested member of the Missouri State Employees' Retirement System.
Section 104.335.2(2) of S.C.S.H.C.S.H.B. 1370, Eighty-Second General Assembly, Second Regular Session (hereinafter "H.B. 1370"), became effective October 1, 1984; such subsection states:
 Any member, whose employment terminated on or after July 1, 1981, and (a) who had served three or more biennial assemblies as a member of the general assembly, or (b) who was other than a member of the general assembly
and who had ten or more years of vesting service
at the date of termination of employment shall be entitled to a deferred normal annuity based on the member's creditable service,
average compensation and the act in effect at the time the member's employment was terminated.
See also subsections 3 and 4 of Section 104.335 of H.B. 1370.
Effective October 1, 1984, Section 104.374.1 of H.B. 1370 provides:
 The normal annuity of a member, other than a member of the general assembly or a member who served in an elective state office, shall be an amount equal to one and one-third percent of the average compensation of the member multiplied by the number of years of creditable service of the member. [Emphasis added.]
Section 104.310(36) of H.B. 1370 defines the term "vesting service" as "the sum of a member's prior service credit and creditableservice which is recognized in determining the member's eligibility for benefits under this system;". (Emphasis added.)
Section 104.310(14) of H.B. 1370 defines the term "creditable service" as "the sum of a member's membership service and creditable prior service which is recognized in determining the amount of the member's benefits under the system;". (Emphasis added.)
Section 104.310(27) of H.B. 1370 defines the term "membership service" as "service after becoming a member that is creditable in determining the amount of the member's benefits under this system;". (Emphasis added.)
Section 104.330.1, RSMo Supp. 1983, states in part:
 As an incident to his contract of employment or continued employment, each employee of the state shall become a member of the system on the first day of the first month following the original effective date of sections 104.310 to 104.540, September 1, 1957, and every person thereafter becoming an employee
shall become a member at the time of employment. . . . . [Emphasis added.]
Section 104.310(21)(a) of H.B. 1370 defines the term "employee" to include each member of the General Assembly.
The hypothetical dealt with herein assumes that a person has served in the General Assembly for two (2) biennial assemblies and was a regular state employee for seven (7) years prior to terminating on or after July 1, 1981.
Section 104.335.2(2) of H.B. 1370 requires service for three (3) or more biennial assemblies before one vests as a member of the General Assembly. Because the individual in question has served only two (2) biennial assemblies, such individual does not vest as a member of the General Assembly.
These same statutory provisions entitle one who was other thana member of the General Assembly with ten (10) or more years of "vesting service" to a deferred normal annuity. As shown above, "vesting service" includes all "creditable service" recognized in determining the member's eligibility for benefits under this system. "Creditable service" includes one's recognized "membership service". "Membership service" includes service after becoming a "member". Also shown above, is that membership in the Missouri State Employees' Retirement System is extended to members of the General Assembly by the definition of the term "employee" in Section 104.310(21)(a) of H.B. 1370.
Although members of the General Assembly are "members" of the Missouri State Employees' Retirement System, we do not believe that service rendered as a member of the General Assembly is recognized
vesting service for one "who was other than a member of the general assembly. . . ." Section 104.335.2(2) of H.B. 1370. The establishment of vesting requirements for members of the General Assembly that are different than those for people who were "other than a member of the General Assembly" shows that "vesting service" as a member of the General Assembly is not interchangeable with "vesting service" as an regular state employee. Vesting service as a member of the General Assembly is recognized only for the "General Assembly" vesting requirements. Therefore, the individual in question is not fully vested.
CONCLUSION
It is the conclusion of this office that a person who served in the General Assembly for two (2) biennial assemblies and who was a regular state employee for seven (7) years before terminating on or after July 1, 1981, is not a fully vested member of the Missouri State Employees' Retirement System under Section 104.335.2(2) of S.C.S.H.C.S.H.B. 1370, Eighty-Second General Assembly, Second Regular Session.
Very truly yours,
 JOHN ASHCROFT Attorney General